UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER, *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. H-09-2879 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, *Defendant*. | § | |

## MEMORANDUM AND ORDER

Plaintiff James Alexander brings this action for review of the defendant Commissioner's decision holding Alexander not disabled within the provisions of the Social Security Act.[1] Alexander's motion for summary judgment[2] is denied and the Commissioner's motion[3] is granted. The final decision of the Commissioner is affirmed.

## Background

On August 8, 2006, Alexander filed an application for supplemental security income under Social Security Act title XVI.[4] An Administrative Law Judge (ALJ)

[1] Dkt. 1.

[2] Dkt. 16.

[3] Dkt. 17, 18.

[4] Tr. 108–13.

held a hearing on November 20, 2007[5] and on January 14, 2008 determined Alexander was not disabled under the Social Security Act.[6] The Appeals Council denied Alexander's request for review.[7] This appeal followed.[8]

## Analysis

### A. Standard of Review

Section 405(g) of the Social Security Act sets forth the standard of review in this case. Federal courts review the decision of the Commissioner to deny Social Security benefits to determine whether (1) the Commissioner applied the proper legal standard and (2) the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence is "more than a scintilla and less than a preponderance." *Masterson*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614,

---

[5]Tr. 13, 23.

[6]Tr. 10–22.

[7]Tr. 1.

[8]Dkt. 1.

617 (5th Cir. 1990).

In order to qualify for disability benefits, a plaintiff must prove he has a disability, which is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); *Masterson*, 309 F.3d at 271. The administrative law judge must follow a five-step sequential analysis to determine whether a plaintiff is in fact disabled:

> 1. Is the claimant currently engaged in substantial gainful activity, i.e., working? If the answer is yes, the inquiry ends and the claimant is not disabled.
>
> 2. Does the claimant have a severe impairment? If the answer is yes, the inquiry proceeds to question 3.
>
> 3. Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If so, the claimant is disabled. If not, then the inquiry proceeds to question 4.
>
> 4. Can claimant still perform his past relevant work? If so, the claimant is not disabled. If not, then the agency must assess the claimant's residual functional capacity.
>
> 5. Considering the claimant's residual functional capacity, age, education, and work experience, is there other work claimant can do? If so, claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. At step five, the burden

shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir.1991).

**B. Challenges to the ALJ's Decision**

**1. *Treating Physician's Opinion***

Alexander first argues that the ALJ erred in evaluating his treating physician's opinion, relying solely on *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000).[9] There, the Fifth Circuit held:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. 404.1527(d)(2).

*Id.* at 453. "Only medical opinions of a treating physician require such analysis." *Montgomery v. Astrue*, No. 3:09-cv-1194-O, 2010 WL 3583380, at *1 (N.D. Tex. Sept. 13, 2010) (citing *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003)). Opinions that a plaintiff is "disabled" or is "unable to work" are administrative findings reserved to the Commissioner and are not given "special significance." 20 C.F.R. § 404.1527(e).

Here, Alexander argues that the ALJ did not properly consider his treating psychiatrist Dr. Wanda Henao's opinion regarding "the disabling effect of Plaintiff's

---

[9] Dkt. 16, at 6–8.

impairment."[10] Specifically, Dr. Henao opined that Alexander was unable to work due to bipolar disorder with psychotic features.[11] As noted above, the opinion that a claimant is "unable to work" is not a medical opinion subject to *Newton*'s holding; rather, it is a legal conclusion of no special significance. Thus, the Commissioner did not err in failing to analyze Dr. Henao's opinion under the factors in 20 C.F.R. 404.1527(d)(2).

**2. *Ability to Maintain Employment***

Second, Alexander argues that the ALJ failed to make a finding as to whether Alexander could maintain any job he may find.[12]

> An RFC determination itself encompasses the [finding that the claimant can maintain employment] unless "the claimant's . . . ailment waxes and wanes in its manifestation of disabling symptoms." *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005) (quoting [*Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003)]). Typically, the ALJ is not required to make a specific finding that a claimant can maintain employment, unless there is "evidence that [the] claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC." *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (per curiam).

*Cline v. Astrue*, 577 F. Supp.2d 835, 849 (N.D. Tex. 2008). Regarding the evidence

---

[10]Dkt. 16, at 6.

[11]Dkt. 6-8, at 108.

[12]Dkt. 16, at 9.

sufficient to require this finding, the *Cline* court held that such a finding was required where the claimant's treating psychiatrist conducted a psychological evaluation and determined he was "unable to sustain full time employment due to intermittent periods of depression or periods where Plaintiff would become irritated or 'oppositional with his supervisor' to an extent that he would be fired from the position." *Id.* at 849. In contrast, the Fifth Circuit found the evidence before the ALJ insufficient, where (1) the claimant testified he had "good days and bad days," and that his pain would "wax and wane" between epidural injections, (2) his doctor testified to his inability to work without performing any clinical examinations, and (3) an environmental safety and health manager opined that the claimant could not work 30-hour weeks "on a reliable basis." *Perez*, 415 F.3d at 465-66.

Here, Alexander points to his own testimony that he has not been able to hold a job for more than two weeks without getting into a confrontation, and a vocational expert's testimony that a person who has one confrontation per month may be unable to maintain employment.[13] Considering the two cases mentioned above, these two pieces of testimony alone do not rise to the level of evidence requiring the ALJ to make a finding as to whether Alexander could maintain

[13]Dkt. 6-3, at 52-53; Dkt. 16, at 10.

employment.

## Conclusion and Order

Alexander has failed to show that the ALJ's decision contains an error of law or is not supported by substantial evidence. Alexander's motion for summary judgment is denied. The decision of the Commissioner is affirmed. The court will issue a separate final judgment.

Signed at Houston, Texas on October 29, 2010.

Stephen Wm Smith
United States Magistrate Judge